IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIM STUCKEL, MIKE LIESER, TOM COLE, DON SCHAPER, ABBIE OTTEN, and KEVIN COCHRAN, in their representative capacities as Trustees of the Teamsters Medicare Trust, and TEAMSTERS MEDICARE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> LOUIS MAULL COMPANY, a Missouri corporation, <br><br> Defendant. | Case No. |

# **COMPLAINT**

Plaintiffs, Jim Stuckel, Mike Lieser, Tom Cole, Don Schaper, Abbie Otten and Kevin Cochran, in their representative capacities as Trustees of the Teamsters Medicare Trust, and Teamsters Medicare Trust, state as follows for their cause of action against defendant:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185. Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f). Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. Local 682 of the International Brotherhood of Teamsters (the "Union") is an unincorporated association comprised of persons employed in the general business of truck driving, warehouse work, mechanic and maintenance work and related activities, within the meaning of Section 2(5) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. §152(5),

representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.  The Union is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this judicial district.  The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining unit employed by defendant.

3. Plaintiff Teamsters Medicare Trust ("TMT") is an employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§1002(3) and 1132(d)(1), and is a multiemployer plan within the meaning of Sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145.  The TMT is administered from offices located within this judicial district.

4. Plaintiffs Jim Stuckel, Mike Lieser, Tom Cole, Don Schaper, Abbie Otten and Kevin Cochran are the members of the Joint Board of Trustees of the TMT ("Trustees"), which Board administers the TMT, and as such, are fiduciaries within the meaning of Sections 3(21)(A) and 502(a) of ERISA, 29 U.S.C. §§1002(21)(A) and 1132(a).

5. Defendant Louis Maull Company is a Missouri corporation.  Defendant conducts business within this judicial district and is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145.

6. At all times material here, defendant has employed members of the Union in an industry and/or activities affecting commerce within the meaning of Sections 2(6) and 2(7) of the NLRA, 29 U.S.C. §§152(6) and 152(7), and within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002(11) and 1002(12).

7. At all times material here, defendant has been and is signatory to and bound by a collective bargaining agreement with the Union.

8. TMT and TMT Trustees are third party beneficiaries of this agreement.  By the terms of this agreement, defendant agreed to make contributions for pension benefits to the TMT on behalf of the employees of defendant in the bargaining unit represented by the Union.

9. In violation of the collective bargaining agreement between the Union and defendant and in violation of Section 515 of ERISA, 29 U.S.C. §1145, defendant has failed to make the required contributions to the TNPP as such contributions have become due.

10. Plaintiffs have demanded the payments, to no avail.

11. Pursuant to the documents governing the TMT, defendant is obligated to pay all court costs and reasonable attorneys' fees incurred in the collection of delinquent amounts, plus liquidated damages and interest on each delinquent contribution.

12. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that in an action such as this to enforce Section 515 of ERISA, 29 U.S.C. §1145, the Court shall award the unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

**WHEREFORE,** plaintiffs pray that the Court enter its order, judgment and decree against defendant awarding plaintiffs the following relief for their cause of action:

1. That this Court enter judgment in favor of plaintiffs and against defendant for its delinquent contributions;

2. Liquidated damages on the principal amount due;

3. Interest at the maximum lawful rate on each unpaid contribution computed from the due date of each unpaid contribution;

3

4. Reasonable attorneys' fees and court costs incurred in this action;

5. An order requiring defendant to make, in timely fashion, all contributions to the TMT which come due subsequent to entry of judgment here.

Plaintiffs further pray that the Court make such further orders and grant such additional relief as may be appropriate, including, but not limited to, an audit or accounting of defendant's books and records, and such additional relief as may be appropriate under 29 U.S.C. §1132(a)(3).

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
(314) 727-1015 (Telephone)
(314) 727-6804 (Facsimile)
GCampbell@hammondshinners.com

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, DC  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, DC  20220, on December 7, 2017.

/s/ Greg A. Campbell